UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AVA GORDON,

                Plaintiff,            Case No. 18-13345

v.                             Paul D. Borman
                                  United States District Judge

CENTER FOR FORENSIC
PSYCHIATRY,                  Mona Majzoub
                                  United States Magistrate Judge

                Defendant.
_____/

### OPINION AND ORDER:
### (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 2); AND
### (2) SUMMARILY DISMISSING PLAINTIFF'S AMENDED COMPLAINT (ECF NO. 1) PURSUANT TO 28 U.S.C. § 1915(e)(2)

Now before the Court is Plaintiff Ava Gordon's Application to Proceed in Forma Pauperis without Prepaying Fees or Costs. For the reasons below, the Court will grant Plaintiff's Application to Proceed in Forma Pauperis, but will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2) because it fails to state a claim upon which relief may be granted.

Plaintiff, who proceeds in this matter *pro se*, filed the Application to Proceed in Forma Pauperis (ECF No. 2), along with the Complaint in this matter (ECF No. 1), on October 25, 2018. A court may allow commencement of a civil action without the prepayment of fees or costs if the applicant submits an affidavit demonstrating

that he or she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In this case, Plaintiff has supplied an affidavit regarding her financial obligations and income. (ECF No. 2.) Based on this information, the Court will grant Plaintiff's Application to Proceed in Forma Pauperis.

At the same time, the Court is required to dismiss a complaint filed without prepayment of fees when it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). To avoid dismissal for this reason, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). "[A] plaintiff's obligation to provide the grounds of his [entitlement] to relief requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). The Court is aware that a *pro se* litigant's complaint must be liberally construed and held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Still, the plaintiff must provide more than just "bare assertions of legal conclusions." *Grinter v.*

*Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

In her Complaint, Plaintiff does not assert any discernible claims. She alludes to a disagreement with the Center for Forensic Psychiatry's standards used to determine whether she is competent to stand trial in an unspecified criminal matter. The Complaint does not, however, set forth any cognizable claims against the CFP. To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Mezibov v. Allen,* 411 F.3d 712, 716 (6th Cir. 2005). There are no viable legal theories set forth in the Complaint. This Court therefore must dismiss this action for failure to state a claim on which relief may be granted.

Accordingly, the Court hereby GRANTS Plaintiff's Application to Proceed in Forma Pauperis (ECF No. 2), but DISMISSES Plaintiff's Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915(e)(2).

IT IS SO ORDERED.

Dated:  November 9, 2018     s/Paul D. Borman    
                Paul D. Borman
                United States District Judge

# CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 9, 2018.

s/D. Tofil

Deborah Tofil, Case Manager
